UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEFFREY JORDAN, : | |
| : | CIVIL NO. 3:03CV00982 (MRK) |
| PLAINTIFF, : | |
| : | |
| v. : | |
| : | |
| UNITED STATES OF AMERICA, : | |
| : | |
| DEFENDANT. : | |
| : | December 8, 2003 |

**REPORT OF PARTIES' PLANNING MEETING**

<u>Date Complaint Filed:</u>            June 3, 2003

<u>Date Complaint Served:</u>        June 27, 2003

<u>Date of Defendant's Appearance:</u>        August 26, 2003

Pursuant to Fed. R. of Civ. P. 16(b), 26(f) and Rule 26(e), D.Conn.L.Civ.R., a conference was held on October 29, 2003 . The participants were for Kenneth A. Votre, Esq., for the Plaintiff, Jeffrey Jordan, and Lauren M. Nash, Assistant United States Attorney, for the Defendant, United States of America.

**I.      CERTIFICATION**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**II.    JURISDICTION**

    **A.    SUBJECT MATTER JURISDICTION**

Jurisdiction of this Court is invoked under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et seq.* (FTCA).

    **B.    PERSONAL JURISDICTION**

Personal jurisdiction is not contested.

**III.   BRIEF DESCRIPTION OF CASE**

    **A.    CLAIMS OF PLAINTIFF:**

Plaintiff claims that he suffered emotional distress in connection with retaliation he alleges to have occurred during the course of his employment with the Internal Revenue Service.

    **B.    CLAIMS OF DEFENDANT**:

Defendant denies any allegations of wrongdoing.  In addition, Defendant has moved to dismiss the complaint on the grounds that this Court lacks subject matter jurisdiction by virtue of the applicability of the Civil Service Reform Act of 1978, Pub. L. 95-454, 92 Stat. 1111 (codified as amended in pertinent sections of 5 U.S.C.§ 1101, et seq.) (CSRA), and the Federal Employees Compensation Act, 5 U.S.C. § 8101 et seq. (FECA).

## IV. STATEMENT OF UNDISPUTED FACTS:

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed.

1. Plaintiff, Jeffrey Jordan, was employed by the Internal Revenue Service at the Small Business / Self Employed (SBSE) Group in Norwalk, Connecticut.

2. Plaintiff's position with the IRS was Revenue Officer.

3. Plaintiff's employment with the IRS ended in February of 2001.

## V. CASE MANAGEMENT PLAN:

### A. STANDING ORDER ON SCHEDULING IN CIVIL CASES

The parties request a modification of the deadlines in the Standing Order On Scheduling In Civil Cases as follows.

### B. SCHEDULING CONFERENCE WITH THE COURT

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

### C. EARLY SETTLEMENT CONFERENCE

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

    2.    The parties do not request an early settlement conference.

    3.    The parties do not request a settlement conference at this time.

    4.    The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

    **E.**    **JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS**

This section is not applicable.

    **F.**    **DISCOVERY**

    1.    The parties anticipate that discovery will be needed on the following subjects: the details of Plaintiff's IRS employment, facts surrounding Plaintiff's claims of retaliation, any witnesses to the alleged wrongdoing, Plaintiff's prior and current physical and emotional status and any medical treatment therefor, and the nature and extent of Plaintiff's damages.

    2.    All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by December 15, 2003 and completed by June 1, 2004.

    3.    Discovery will not be conducted in phases.

    4.    There will be no issues for early discovery.

    5.    The parties anticipate that the Plaintiff will require a total of five depositions of fact witnesses and the Defendant will require a total of five depositions of fact witnesses. The depositions will commence no earlier than December 15, 2003 and be completed by June 1, 2004.

6. The parties will not serve more than twenty-five interrogatories.

7. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by March 1, 2004, a date not later than three months before the deadline for completing all discovery. Depositions of any such experts will be completed by April 1, 2004, a date not later than two months before the deadline for completing all discovery.

8. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by May 1, 2004, a date not later than one month before the deadline for completing all discovery. Depositions of such experts will be completed by June 1, 2004, a date not later than the discovery cutoff date.

9. A damages analysis will be provided by any party who has a claim or counterclaim for damages by February 1, 2004.

G. **DISPOSITIVE MOTIONS**:

Dispositive motions will be filed on or before July 1, 2004.

H. **JOINT TRIAL MEMORANDUM**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within 30 days of Court's denial of any dispositive motion filed pursuant to Section G, above.

IV. **TRIAL READINESS**

The case will likely be ready for trial by September 1, 2004.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Defendant, United States of America

By: _____          Date: _____
    LAUREN M. NASH (ct01705)
    ASSISTANT U.S. ATTORNEY
    P.O. BOX 1824
    NEW HAVEN, CT  06508
    (203) 821-3700

Plaintiff, Jeffrey Jordan

By: _____          Date: _____
    KENNETH A. VOTRE, ESQ. (ct05981)
    HURWITZ, COOPER, SILVERMAN & VOTRE, P.C.
    667 STATE STREET
    NEW HAVEN, CT 06511